post-conviction relief. However, while I believe it is a burden that is, in this instance, insurmountable, Appellant has simply chosen to ignore his burden.[3]

In light of the United States Supreme Court's definitive holding that the failure to present additional mitigating evidence at the penalty phase of a capital case does not and cannot be considered a miscarriage of justice, I believe it is a waste of judicial resources to remand this case for any further proceedings. Accordingly, I would affirm the PCRA court's denial of relief. Because the Majority remands for further proceedings on Appellant's claim of ineffective assistance of counsel and does not consider whether Appellant would ever be able to meet the miscarriage of justice test, I respectfully dissent.

967 A.2d 400

**In the Interest of D.G.**

**Appeal of D.G.**

**No. 50 EAP 2008.**

Supreme Court of Pennsylvania.

April 9, 2009.

**3.** I disagree with the Majority that Appellant adequately addresses his burden of making a strong *prima facie* showing that he is the victim of a miscarriage of justice (see op. at 488 n. 21, 967 A.2d at 395 n. 21). Rather, Appellant's single-sentence reference to a "miscarriage of justice" on page 15 of his principal brief is made in the context of his argument that none of the issues he currently raises has been waived. Appellant does not cite *Lawson* or in any manner refer to his enhanced burden as a serial PCRA petitioner. Similarly, Appellant's belated citation to *Lawson* in his reply brief is unaccompanied by any developed argument concerning his burden. I find these cursory allusions to a "miscarriage of justice" to be precisely the type of issue presented in a "boilerplate fashion" that the Majority attributes to deficient stewardship. See op. at 474 n. 7, 967 A.2d at 386 n. 7.

498

PER CURIAM.

**AND NOW,** this 9th day of April, 2009, the Commonwealth's Motion to Grant Summary Relief to the Appellant in Lieu of Further Briefing is **GRANTED** and the order of the Superior Court is **REVERSED.**

968 A.2d 224

**COMMONWEALTH of Pennsylvania, Petitioner**

v.

**Oliver FOSTER, Respondent.**

Supreme Court of Pennsylvania.

March 5, 2009.

*ORDER*

PER CURIAM.

**AND NOW,** this 5th day of March 2009, the Petition for Allowance of Appeal is **GRANTED.** The issue, as stated by petitioner, is:

> Did the Superior Court err in determining that [Respondent's] challenge to the application of a mandatory minimum sentence was a non-waivable challenge to the legality of the sentence despite the fact that the sentence did not exceed the statutory maximum sentence for the crime of which he was convicted?